NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 12-4048
_____

TELESWEEPS OF BUTLER VALLEY, INC.,
Appellant

v.

ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA;
DISTRICT ATTORNEY OF THE COUNTY OF LUZERNE

_____

Appeal from the United States District Court
For the Middle District of Pennsylvania
(Civ. No. 3-12-cv-01374)
District Judge: Honorable Robert D. Mariani
_____

Submitted Under Third Circuit LAR 34.1(a)
September 11, 2013

Before: McKEE, *Chief Judge*, SMITH and SLOVITER, *Circuit Judges*

(Opinion Filed: October 7, 2013)
_____

OPINION
_____

McKEE, *Chief Judge*.

Telesweeps of Butler Valley, Inc. appeals the district court's denial of its motion

for a temporary restraining order and preliminary injunction.  As we explain, we will

affirm substantially for the reasons set forth by the district court.

Telesweeps filed a 42 U.S.C. § 1983 action against the Attorney General of the Commonwealth of Pennsylvania and the District Attorney of Luzerne County seeking, *inter alia*, a declaration that Act 81 of 2012, 18 Pa. Cons. Stat. § 5513(a.1) (2012), violated its freedom of speech and denied it due process of law. It also filed a motion for a temporary restraining order and a preliminary injunction to enjoin the enforcement of Act 81 of 2012.

In denying relief, the district court found, *inter alia*, that Telesweeps had failed to show a likelihood of success on the merits because Act 81 of 2012 regulates gambling and does not implicate protected speech. The district court also found that even if the Act did implicate speech, the speech effected was unprotected commercial speech. The district court also rejected an argument that Act 81 is both facially overbroad and void for vagueness. Telesweeps "raised" those claims but did not brief them. *Telesweeps of Butler Valley, Inc. v. Attorney Gen. of Pa.*, No. 3-12-cv-1374, 2012 WL 4839010 (M.D. Pa. Oct. 10, 2012). This appeal followed.

In its thoughtful Memorandum Opinion, the district court carefully and thoroughly explained its reasons for finding that Telesweeps had failed to show a reasonable probability of success on its claims. The court's well reasoned analysis, adequately and accurately disposed of each of the claims Telesweeps raised. We will affirm the order of the district court dismissing Telesweep's action substantially for the reasons set forth in its Memorandum Opinion.